IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOMINIC MOYA,

      Defendant-Petitioner,

v.                                                            No.    CV 16-688 WJ/CG
                                                                      CR 09-761 WJ

UNITED STATES OF AMERICA,

      Plaintiff-Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on United States Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition*, (CV Doc. 14), filed January 23, 2017.[1] In the PFRD, Judge Garza recommended denying Petitioner Dominic Moya's *Second or Successive Motion to Correct Sentence Under 28 U.S.C. § 2255* (the "Motion"), (CV Doc. 3), because Petitioner was not sentenced in reliance on the residual clause in United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 4B1.2 (2010). (CV Doc. 14 at 5-8).

The parties were notified that written objections to the PFRD were due within 14 days. (CV Doc. 14 at 8). Petitioner timely filed objections to the PFRD. (CV Doc. 15). Respondent United States of America did not object to the PFRD or respond to Petitioner's objections, and the time for doing so has passed. D.N.M.LR-Civ. 7.4(a). Following *de novo* review of Petitioner's objections, the PFRD and the record, the Court will adopt the PFRD, deny Petitioner's objections, and deny Petitioner's Motion.

---

[1] Documents referenced as "CV Doc. ____" are from case number CV 16-688 WJ/CG. Documents referenced as "CR Doc. ____" are from case number CR 09-761 WJ.

## I. Background

On January 11, 2010, Petitioner pled guilty to Possession with Intent to Distribute Five Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (CV Doc. 11 at 1). According to his presentence report ("PSR"), Petitioner qualified as a career offender under the Guidelines because he had "at least two prior felony convictions of . . . a crime of violence." U.S.S.G. § 4B1.1 (2010); (CR Doc. 71 at 4-5). "Crime of violence" included any crime that "is burglary of a dwelling . . . *or otherwise involves conduct that presents a serious risk of physical injury to another*." U.S.S.G. § 4B1.2(a)(2) (2010). The latter, italicized portion of the definition is known as the residual clause. *See U.S. v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015).

Petitioner's PSR determined that Petitioner's New Mexico convictions for residential burglary qualified as crimes of violence. (CV Doc. 11 at 14). In particular, Petitioner was convicted of "enter[ing] a dwelling house with intent to commit any felony or theft therein." N.M. STAT. ANN. § 30-16-3(A) (West 2016). The record is unclear whether the PSR or sentencing judge considered these convictions "burglary of a dwelling" or a crime of violence under the residual clause. Because Petitioner was found to be a career offender, his Guideline recommended range was 188-235 months. (CV Doc. 3 at 3). Without the career offender enhancement, his Guideline range would have been 92-115 months. (CV Doc. 3 at 3-4). Petitioner ultimately received a 180 month sentence pursuant to a plea agreement. (CV Doc. 11 at 2).

Petitioner then challenged his sentence following the Supreme Court of the United States' decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause in the Armed Career Criminal

Act ("ACCA") was unconstitutionally vague and could not be used to increase a defendant's sentence. 135 S. Ct. at 2556-67. Petitioner argued, in part, that the identical residual clause in § 4B1.2 was also unconstitutionally vague. (CV Doc. 3 at 2); *compare* 18 U.S.C. 924(e)(2)(B) *with* U.S.S.G. § 4B1.2(a)(2) (2010). Further, Petitioner claimed residential burglary was not "burglary of a dwelling" as defined by the Guidelines, and that he was therefore deemed a career offender in reliance on the residual clause. (CV Doc. 3 at 2). Because he was sentenced in reliance on the residual clause, he argued, his sentence was unconstitutional.

In the PFRD, Judge Garza broke Petitioner's argument into three issues: (1) whether "residential burglary" in New Mexico substantially corresponds with "burglary of a dwelling" in the Guidelines; (2) whether *Johnson* applies to the Guidelines; and (3) whether *Johnson* applied to Petitioner's particular case. (CV Doc. 14 at 3). Judge Garza concluded "residential burglary" and "burglary of a dwelling" substantially correspond, therefore Petitioner was not sentenced in reliance on the residual clause. (CV Doc. 14 at 5-9). Accordingly, Judge Garza recommended Petitioner's Motion be denied. (CV Doc. 14 at 9).

On February 6, 2017, Petitioner timely objected to Judge Garza's findings and recommendation. (CV Doc. 15). Petitioner's sole argument is that "the District Court erred" by concluding residential burglary and burglary of a dwelling match. (CV Doc. 15 at 1). Here, as before, Petitioner maintains that the definitions do not match because residential burglary encompasses structures that are attached but not internally connected to a dwelling. (CV Doc. 15 at 3).

One month after Petitioner objected, the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court held that the Guidelines are not subject to vagueness challenges. 137 S. Ct. at 890. Consequently, *Johnson* does not apply to § 4B1.2(a)(2), and the Guidelines residual clause is not void for vagueness. *Id.*; *see id.* at 892. After a *de novo* review of the record, the PFRD, and relevant law, the Court adopts Judge Garza's recommendation and denies Petitioner's Motion.

## II. Analysis

Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district judge may, under 28 U.S.C. § 636(b), refer a pretrial dispositive motion to a magistrate judge for proposed findings of fact and recommendations for disposition. Within fourteen days of being served, a party may file objections to this recommendation. Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. A party may respond to another party's objections within fourteen days of being served with a copy; the rule does not provide for a reply. FED. R. CIV. P. 72(b).[2]

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *U.S. v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir.

---

[2] The Federal Rules of Civil Procedure may be applied to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings. Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

1996). Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *Id.* at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also U.S. v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

First, the Court finds no error in Judge Garza's analysis and conclusion that "residential burglary" substantially corresponds with the generic definition of "burglary of a dwelling." Petitioner convincingly argues that unconnected outbuildings are not included within the definition of "dwelling." (CV Doc. 15 at 3-7). But New Mexico does not include unconnected buildings within its definition of "residence" or "dwelling." *State v. Ross*, 1983-NMCA-065, ¶ 11, 665 P.2d 310, 313 ("Under the facts herein, the detached and non-contiguous garage did not constitute part of a dwelling house proper."). And although New Mexico includes an attached but not internally connected garage, so do many other states. *See, e.g., State v. Lara*, 1978-NMCA-112, ¶¶ 3-6, 587 P.2d 52; *State v. Ekmanis*, 901 P.2d 1210, 1213 ("just as an attached garage or a basement is a lesser included structure of a residential structure, so is the storage room in this case."); *see also People v. Debouver*, 205 Cal. Rptr. 3d 318, 326-27 (Cal. Ct. App. 2016) (holding underground garage was a part of dwelling); *State v. Taylor*, 350 P.3d 525, 526 (Or. Ct. App. 2015) (holding that breezeway with no internal connection to a home was part of dwelling); *State v. Moran*, 324 P.3d 808 (Wash. Ct. App. 2014) (holding utility space below home was part of the "dwelling"); *State v. Bryant*, 775 So. 2d 596, 602 (La. Ct. App. 2000) (holding "carport storage room" was part of the home

5

notwithstanding lack of direct entrance to the home); *People v. Jimenez*, 651 P.2d 395 (Colo. 1982) (en banc) (holding attached garage part of a dwelling because "dwelling comprehends an entire building"); *Burgett v. State*, 161 Ind. App. 157, 314 N.E.2d 799 (Ind. Ct. App. 1974) (holding basement with an exterior entrance only was part of dwelling).

Petitioner cites three cases for the proposition that "[t]he prevailing American view holds that outbuildings, such as garages, do not constitute dwellings, even when connected to a residence, if there is no internal connection between the two." (CV Doc. 15 at 7). All three are inapposite. First, in *Foreman v. State*, the burgled garage at issue was a separate, unattached building, i.e. it was not attached and internally unconnected. 546 So. 2d 977, 979 (Ala. Crim. App. 1986) ("Testimony at trial established that the garage was not attached to the dwelling and was in fact a separate building located at least twenty feet from the dwelling."). Second, the issue in *People v. Warwick* was whether or not a burgled business was "inhabited," not whether or not it was a dwelling house. 27 P.2d 396 (Cal. Dist. Ct. App. 1933). Rather, the Court plainly stated "we are not dealing here with the case of a dwelling-house or any other kind of a building which is customarily occupied at all times. The rule relating to dwelling-houses, therefore, is not applicable to a case such as we have here." *Id*. Finally, in *People v. Thomas*, the Illinois Supreme Court recognized its definition of "dwelling," which did not include an attached garage, was narrower than other states' definitions–even its own previous definition, which included a garage. 137 Ill. 2d 500, 519-20 (Ill. 1990) (citing *People v. Bales*, 108 Ill. 2d 182 (Ill. 1985)).

In any case, Petitioner's Motion must be denied following *Beckles*. As discussed, Petitioner's Motion depends on whether *Johnson* applies to the residual clause in § 4B1.2. (CV Doc. 3 at 2, 5-8). The Supreme Court held in *Beckles* that *Johnson* does not apply to the Guidelines and that the residual clause in § 4B1.2 is not unconstitutionally vague. 137 S. Ct. at 891-92. Accordingly, even if residential burglary in New Mexico does not match burglary of a dwelling and Petitioner was sentenced in reliance on the residual clause in § 4B1.2, his sentence was not unconstitutional.

### III. Conclusion

For the foregoing reasons, the Court finds that Judge Garza conducted the proper analysis and correctly concluded Petitioner was deemed a career offender for having been convicted of enumerated crimes of violence, namely "burglary of a dwelling." Even if Petitioner was sentenced in reliance on the residual clause, Petitioner's sentence was not unconstitutional under the *Beckles* decision.

**IT IS THEREFORE ORDERED** that Judge Garza's *Proposed Findings and Recommended Disposition*, (CV Doc. 14) should be **ADOPTED**. Petitioner's *Second or Successive Motion to Correct Sentence Under 28 U.S.C. § 2255*, (CV Doc. 3), is **DENIED**.

_____
THE HONORABLE WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE