IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Criminal No. 09-761 WJ

DOMINIC MOYA,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTIONS FOR REDUCTION OF SENTENCE
## UNDER FIRST STEP ACT

THIS MATTER comes before the Court upon the following motions:

- Defendant's *pro se* Motion to Reduce Sentence, filed November 20, 2015 **(Doc. 81);** and

- Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018, filed June 7, 2019 **(Doc. 101).**

Having reviewed the parties' briefs and applicable law, I find that Defendant's motions are not well-taken and shall be denied.[1]

### BACKGROUND

Defendant was arrested in June 2008 after a traffic stop on Defendant's vehicle (with the assistance of a confidential source) led to the recovery of several baggies of crack cocaine and a loaded 9mm pistol. Defendant admitted he was selling the crack for someone, that he had

---

[1] In Document 81, Defendant seeks a 2-point reduction of his sentence and time off under the Fair Sentencing Act. The motion includes no factual or legal basis from which the Court consider its merits. Also, no response or reply was filed. The counseled motion (Doc. 101) incorporates the substance of the *pro se* request, and thus the Court's rulings on Document 101 also applies to Document 81.

purchased the firearm for his girlfriend, and that his fingerprints would be on the firearm. Law enforcement recovered boxes of 9mm and AK-47 ammunition.

Defendant was charged in a three-count indictment with felon in possession of a firearm and ammunition, trafficking crack cocaine, and a violation under 18 U.S.C. § 924(c) for possessing a firearm in furtherance of a drug trafficking crime. Defendant pled guilty to a plea agreement pursuant to Rule 11(c)(1)(C) of the Rules of Federal Criminal Procedure whereby the parties agreed that the Defendant would plead to Count 2, the crack cocaine offense, and be sentenced to 15 years of imprisonment. In exchange, the United States agreed to dismiss the remaining counts in the indictment. Doc. 56 (granting Gov't Mot. to dismiss Cts. 1 and 3).[2]

Defendant was sentenced to 180 months plus 4 years of supervised release, pursuant to the plea agreement. Doc. 50; Doc. 52 at 2. He now seeks relief under the First Step Act of 2018 for a reduction of sentence. The Government opposes the requested sentence reduction.

## DISCUSSION

On December 21, 2018, the First Step Act of 2018 was enacted into law. *See* 124 Stat. 2372. Section 404 of the Fair Sentencing Act of 2010 ("FSA") reduced the statutory penalties for cocaine base ("crack cocaine") by lowering the mandatory minimum sentences for crack cocaine offenses and increasing the quantity thresholds required to trigger a mandatory minimum term of imprisonment. *See Dorsey v. United States*, 567 U.S. 260 (2012). Section 404(b) of the First Step Act of 2018 provides that the court "may," upon motion of the defendant, "impose a reduced sentence." First Step Act of 2018, § 404(b) (Dec. 21, 2018).

---

[2] The following charges were dismissed: Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §922(g)(1) and 924(a)(2) (Count 1); and Carrying and Possessing a Firearm During and in Relation to and in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §924(c)(1)(A)(i) (Count 3).

At the time Defendant's sentence was imposed, the statutory mandatory minimum for the crack cocaine offense in Count 2 was 60 months under 21 U.S.C. §841(b)(1)(B), with a maximum sentence of 40 years. The sentence that was imposed—180 months with 4 years supervised release—was calculated as follows:

- as a career offender, Defendant's offense level was 34, *see* USSG 4B1.1(b)(2);
- offense level was reduced to 31 with acceptance of responsibility;
- criminal history category of VI, rendering a Guideline range of 188-235 months.

*See* Doc. 103 Doc. 54 (Judgment, Apr. 12, 2010).

Presently, under the FSA, Defendant would not be subject to any statutory mandatory minimum, and the statutory maximum would be 20 years. As a result, his career offender Guideline changes to 32, dropping to 29 with acceptance of responsibility; and the Guideline range also drops to a range of 151-188 months.

Defendant seeks a reduction in sentence from 180 months (under the low end of the original range of 188-235 months) to 151 months (the low end of the post-FSA range of 151-180 months). BOP files indicate that his current release date from the custody of the Bureau of Prisons ("BOP") is approximately January 12, 2022. Defendant offers copies of certificates awarded to him for completion of various self-study courses—for example, Parenting, Anger Management, Relapse Prevention, Commercial Driver's License and Major Appliance Repair—hoping to persuade the Court that a reduction in sentence is warranted. *See* Doc. 101, Exs. 1 & 2. Defendant also seeks release hoping to spend time with his father who is seriously ill and suffering from liver failure.

## I.     Relevant Law

In *Hughes v. United States,* the Supreme Court held that a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement is "based on" the defendant's Guideline range "if that range was part

of framework district court relied on in imposing sentence." 138 S. Ct. 1765, 1769 (2018) (holding that court's reliance on the Guidelines need not be express, as long as it was a "relevant part of the analytic framework"). A district court imposes a sentence that is "based on" a Guidelines range if the range was a basis for the court's exercise of discretion in imposing a sentence. *Id.* at 1775.

The Government acknowledges, and the Court agrees, that Defendant is eligible for relief under the First Step Act"). The Category VI Guidelines range of 188 to 235 was the framework for the Court's imposition of Defendant's original sentence of 180 months. Defendant was held accountable for 5.12 grams of crack cocaine, a charge for which the statutory penalties have changed. Although he is a career offender, his Guideline range likewise is lowered, since the statutory maximum is now different. *See* Doc. 103 (United States Probation Memorandum).

While Defendant may be eligible for First Step Act relief, whether relief is warranted is a separate inquiry. *Lewis*, 2019 WL 2192508 at *19 (quoting First Step Act § 404(c) stating that "nothing in this Section shall be construed to require a court to reduce any sentence pursuant to this section"). The Court considers this question next.

First Step Act motions for sentence reduction are 18 U.S.C. § 3582(c)(2) proceedings. *See* 18 U.S.C. §3582(c)(2) (when an amendment applies retroactively, district courts may reduce the sentences of prisoners whose sentences were "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. §3582(c)(2). To be eligible for relief, a defendant must have been convicted of a federal statute for which the Fair Sentencing Act applied and have committed the offense before August 3, 2010. *United States v. Lewis*, 2019 WL 2192508, at *18 (D.N.M. 2019).

In *Dillon v. United States*, the United States Supreme Court stated that §3582(c) involves a two-step inquiry. The district court "must first determine that a reduction is consistent with [the Sentencing Commission's policy statement] §1B1.10" and, at the second step, the district court "may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a). 560 U.S. 817, 818 (2010)); *Hughes*, 138 S. Ct. at 1777 (even if a defendant is eligible for relief, before a district court grants a reduction it must consider applicable §3553(a) factors and applicable policy statements).[3] Courts have discretion to decide whether a defendant's sentence should be reduced. *Hughes,* 138 S.Ct. at 1777 (". . . the statute permits but does not require the court to reduce a sentence") (citing *Freeman v. United States*, 564 U.S. 522 (2011), *holding modified by Hughes v. United States*, 138 S. Ct. 1765 (2018).

## II.     Analysis

The Government contends that the original sentence is fair and reasonable given the considerable benefits Defendant received and the charges that were dismissed pursuant to the Rule 11(c)(1)(C) plea agreement. As mentioned previously, the Government dismissed the two firearm counts in Counts 1 and 3. Because Defendant was a career criminal, based on two convictions for residential burglary and a state trafficking charge bringing with it a habitual offender enhancement, dismissal of the §924(c) offenses would have made his conviction eligible for a 15-year statutory minimum under to §924(e). Thus, as the Government points out, it would have sought at least a 15-year sentence regardless of the charge.

### A.     Benefits of Rule 11(c)(1)(C) Plea Agreement

---

[3] The Sentencing Commission's policy statement §1B1.10(a)(1) in part requires a court to determine the amended guideline range that would have been applicable to the defendant. *Lewis,* 398 F.Supp. 3d at 945. The Court's discussion pertaining to Defendant's original sentence and the proposed post-FSA sentence satisfies this requirement.

A district court can consider benefits defendant gained by entering a Rule 11(c)(1)(C) plea when deciding whether reduction is appropriate. *Hughes,* 138 S.Ct. at 1777 (district court can consider benefits defendant gained by entering a Rule 11(c)(1)(C) plea when deciding whether reduction is appropriate). The Court agrees with the Government that the plea agreement in this case afforded Defendant a substantial benefit in terms of a term of imprisonment. Defendant's criminal exposure was significant. Had he not entered into the Rule 11(c)(1)(C) plea agreement and had he been convicted at trial of all three counts, the total applicable Guideline imprisonment range would have been 322 to 387 months. *See* Doc. 103.

Instead, the parties entered into a Rule 11(c)(1)(C) plea agreement where: (1) the Government dismissed two of the three charges—charges that come with a minimum 15-year minimum sentence; and (2) they agreed to a sentence for the one drug charge (the crack cocaine charge) *below* the applicable Category VI Guideline range of 188-235 months. Considering that the Government would not have agreed to anything less than 15 years because of the dismissed §924(c) charges, Defendant would receive even more than the substantial benefit of his plea bargain if his sentence even further from 15 years to 12 years (or 151 months, as suggested by Defendant). It would be a windfall, especially considering the binding nature of a Rule 11(c)(1)(C) plea agreement.

B.  Relevant §3553(a) Factors

An analysis of the relevant §3553(a) factors also does not warrant a reduction, particularly based on relevant factors (1), (2) and (4).[4]

---

[4] The entire list of §3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective

6

Defendant submits copies of several certificates he has been awarded, no doubt to emphasize his readiness to re-enter society before serving his entire sentence. However, in contrast to these achievements, the United States Pretrial and Probation ("U.S. Probation Office") Memorandum lists the following list of violations Defendant committed while incarcerated as indicated in a BOP Summary Reentry Plan-Progress Report spanning the period of time between 2012 and 2019:

- Possessing Drug/Alcohol on 09/07/12; 05/20/15; 05/17/17and 02/20/19
- Possessing a Dangerous Weapon on 10/28/15 and 02/14/18
- Possessing Unauthorized Item on 02/14/18
- Mail Abuse, Criminal on 12/11/17
- Disruptive Conduct-Greatest on 12/11/17
- Use of Drugs/Alcohol on 04/26/17
- Assaulting without Serious Injury on 04/12/17
- Phone Abuse-No Circumvention on 02/22/16
- Lying or Falsifying Statement on 10/06/14
- Being in Unauthorized Area on 10/06/14
- Possessing a Non-Hazardous Tool on 08/17/12

Doc. 103. And, despite the fact that Defendant has indeed completed 37 courses for a total of 902 hours of educational and vocational programs, he is not eligible to attend his residential drug abuse program due to a pending charge in Bernalillo County Metropolitan Court (Docket No. 103209).[5]

An update filed by the U.S. Probation Office on May 17, 2021 states that Defendant completed two self-study courses (Meditation and Job Search) from July 2019 to the present. However, according to a BOP SENTRY report, Defendant was sanctioned for the following violations during that time period:

---

manner; (3) the kinds of sentences available; (4) the kinds of sentence[s] and the sentencing range established for [the offense] . . . (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

[5] The U.S. Probation Office Memorandum does not contain details regarding the nature of the pending charge at Bernalillo County Metropolitan Court, nor are such details necessary. BOP confirms that Defendant is still at present not eligible to attend his residential drug abuse program, based on inquiry by the U.S. Probation Office.

- December 6, 2020: Possessing Drugs/Alcohol (Loss of Commissary Privileges from December 9, 2020, through June 6, 2021; and Loss of Email Privileges from December 9, 2020, through September 4, 2021); and

- March 24, 2021: Possessing Drugs/Alcohol (Loss of Commissary Privileges from June 7, 2021, through December 3, 2021; and Loss of Phone Privileges from March 31, 2021, through December 25, 2021).

Doc. 105.

Under §3553(a), a court may consider whether the sentence imposed provides just punishment for the offense and afford adequate deterrence to criminal conduct. Defendant's conduct during incarceration, particularly drug-related conduct, does not reflect favorably on Defendant's characteristics and counters the self-portrait he offers as someone who has been adequately punished for his criminal offense and whose criminal conduct has been deterred. The benefits Defendant received under his Rule 11(c)(1)(C) plea agreement was more than fair, and after considering the relevant §3553(a) factors, the Court finds that further reduction under the FSA would be unreasonable.

**THEREFORE,**

**IT IS ORDERED** that:

- Defendant's *pro se* Motion to Reduce Sentence **(Doc. 81)** is hereby DENIED for reasons described in this Memorandum Opinion and Order; and

- Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 **(Doc. 101)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE